IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE ARTERS T/A GREENDALE BUILDERS : | CIVIL ACTION – LAW |
| Plaintiff(s), : | |
| v. : | NO. 02-CV-4388 |
| ZURICH AMERICAN INSURANCE CO. t/a, : | |
| ZURICH NORTH AMERICA as successor in : | |
| Interest to ASSURANCE CO. OF AMERICA : | JURY OF TWELVE (12) |
| : | DEMANDED |
| and : | |
| ASSURANCE CO. OF AMERICA : | |
| Defendant(s). : | |

**ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Assurance Company of America, (hereinafter sometimes also referred to as "Assurance") incorrectly named in the Complaint as Assurance Co. of America, hereby responds to the correspondingly numbered Paragraphs of Plaintiff's Complaint as follows:

Zurich American Insurance Co. t/a Zurich North America (hereinafter sometimes also referred to as "Zurich")is not the successor in Interest to Assurance Company of America and is not a proper party to this matter. Its dismissal by stipulation will be requested during the pendency of this litigation.

1. Admitted based on information and belief.

2. Admitted based on information and belief.

3. Denied as stated. It is admitted only that Zurich American Insurance Company is a New York corporation with a main administrative office or principle place of business located at 1400 American Lane, Schaumburg, IL 60196. It is denied that Zurich American Insurance

95410-1

Company is a proper party to this action.  If and to the extent the Court might consider Zurich American Insurance Group t/a Zurich North America to be a proper party defendant, this answer should be deemed filed on behalf of said entity as well as on behalf of Assurance Company of America, which is the only appropriate defendant.

4. Denied.  Assurance Company of America issued the policy in question and is the only proper party defendant.  The remaining averments of Paragraph 4 are denied.  If and to the extent the Court might consider Zurich American Insurance Group t/a Zurich North America to be a proper party defendant, this answer should be deemed filed on behalf of said entity as well as on behalf of Assurance Company of America.  Zurich American Insurance Company is not the successor in interest to Assurance.

5. Denied as stated.  Assurance Company of America is a New York corporation engaged in the insurance business with a main administrative office or principle place of business located at 1400 American Lane, Schaumburg, IL 60196.

6. Denied as stated.  Assurance Company of America is a subsidiary of Zurich American Insurance Company.

7. Admitted.

### Jurisdiction and Venue

7. [sic] Denied.  It is denied that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8. Admitted.

**Factual Background**

9. Denied as stated. It is admitted only that Assurance Company of America issued Policy No. SCP34746363 to Greendale Builders and Lee Arters with an effective date commencing 12:01 a.m. on January 19, 1999 and expiring at 12:01 a.m. on January 19, 2000.

10. Admitted.

11. Denied as stated. To the contrary, Section I (a) is not fully quoted in Paragraph 11. The policy, being in writing, speaks for itself.

12. Denied. The policy language is not accurately quoted, and, being in writing, speaks for itself.

13. Denied. The defendant does admit that the portions of the policy quoted are accurate. However, the entire portion of the policy is not quoted.

14. Denied. The defendant does admit that the portions of the policy quoted are accurate. However, the entire portion of the policy is not quoted.

**The Underlying Complaint**

15-21. Denied. Assurance lacks sufficient knowledge or information upon which to form a belief as to the truth of the averments set forth in Paragraphs 15 through 21.

22. Denied as stated. It is admitted only that notice of the claim was provided.

23. Denied. Assurance Company of America is the proper defendant. By way of further response, Zurich is not a proper party to this litigation.

24. Denied. By way of further response, Zurich is not a proper party to this litigation.

25. Admitted based on information and belief.

26. Denied. By way of further response, the Complaint, being in writing, speaks for itself.

27. Denied as stated. By way of further response, the Underlying Complaint, being in writing, speak for itself. See (e.g.) the Underlying Complaint at Paragraphs 24(f) and 24(g).

28. Denied as a conclusion of law to which no response is required. By way of further response, defendant has no knowledge of what Gorman believed.

29. Denied as a conclusion of law to which no response is required.

30. Denied. By way of further response, defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the averments of Paragraph 30.

### The Rejection of Coverage

31. Denied.

32. Admitted.

33. Admitted only that notice was provided to Assurance.

34. Denied. The applicable policy issued by Assurance, being in writing, speaks for itself. By way of further response, Zurich is not a proper party to this litigation.

35. Admitted only that Assurance caused such a letter to issue, and the letter, being in writing, speaks for itself.

36. Denied. The letter, being in writing, speaks for itself.

37. Denied as stated. It is admitted only that Greendale requested reconsideration and that said letter, being in writing, speaks for itself.

38. Denied as to Assurance. By way of further response, Zurich is not a proper party to this litigation. Assurance did reconsider but did not change its decision.

39. Denied. By way of further response, Zurich is not a proper party to this litigation.

40. Denied. By way of further response, Zurich is not a proper party to this litigation.

41. Denied. By way of further response, Zurich is not a proper party to this litigation.

## COUNT I – Declaratory Judgment

42. The averments set forth in Paragraphs 1 through 41 above are hereby incorporated by reference as though fully set forth herein.

43-44. Denied. The averments set forth in Paragraphs 43 and 44 are denied as conclusions of law to which no response is required.

45. Denied. By way of further response, Assurance Company of America respectfully requests that the relief requested by plaintiff be denied.

WHEREFORE, Assurance Company of America demands that Plaintiff's Complaint be dismissed, that it be awarded costs of defense including reasonable attorneys fees and that it have such other and further relief as may be deemed just and appropriate under the circumstances.

## COUNT II – Breach of Contract

46. The averments set forth in Paragraphs 1 through 45 above are hereby incorporated by reference as though fully set forth herein.

47. Denied. By way of further response, Zurich is not a proper party to this litigation.

WHEREFORE, Assurance Company of America demands that Plaintiff's Complaint be dismissed, that it be awarded costs of defenses including reasonable attorneys fees and that it may have such other and further relief as may be deemed just and appropriate under the circumstances.

## COUNT III – Breach of the Covenants of Good Faith and Fair Dealings

48. The averments set forth in Paragraphs 1 through 47 above are hereby incorporated by reference as though fully set forth herein.

49. Denied. The averments set forth in Paragraph 49 are denied as conclusions of law to which no response is required.

50. Denied. By way of further response, Zurich is not a proper party to this litigation.

WHEREFORE, Assurance Company of America demands that Plaintiff's Complaint be dismissed, that it be awarded costs of defenses including reasonable attorneys fees and that it may have such other and further relief as may be deemed just and appropriate under the circumstances.

### COUNT IV – Unjust Enrichment

51. The averments set forth in Paragraphs 1 through 50 above are hereby incorporated by reference as though fully set forth herein.

52. Admitted that premiums were paid. Defendant has no independent knowledge about his beliefs or thoughts. By way of further response, Zurich is not a proper party to this litigation.

53. Denied. By way of further response, Zurich is not a proper party to this litigation.

WHEREFORE, Assurance Company of America demands that Plaintiff's Complaint be dismissed, that it be awarded costs of defense including reasonable attorneys fees and that it have such other and further relief as may be deemed just and appropriate under the circumstances.

### COUNT V – Bad Faith Denial of Insurance Coverage

54. The averments set forth in Paragraphs 1 through 53 above are hereby incorporated by reference as though fully set forth herein.

55. Denied. To the contrary, Assurance Company of America has acted properly, prudently and in good faith. By way of further response, Zurich is not a proper party to this litigation.

56. Denied. The averments set forth in Paragraph 56 are denied as conclusions of law to which no response is required.

57. Denied. By way of further response, Zurich is not a proper party to this litigation. The denial of coverage by Assurance Company of America was proper and was made in good faith.

WHEREFORE, defendant Assurance Company of America demands that Plaintiff's Complaint be dismissed, that it be awarded costs of defense including reasonable attorneys fees and that it have such other and further relief as may be deemed just and appropriate under the circumstances.

### FIRST AFFIRMATIVE DEFENSE

Assurance Company of America acted reasonably, fairly and in good faith in connection with the investigation of the Gorman claim.

### SECOND AFFIRMATIVE DEFENSE

Assurance Company of America acted reasonably, fairly and in good faith in connection with its evaluation of coverage and reconsideration of its denial of coverage concerning the Gorman claim.

### THIRD AFFIRMATIVE DEFENSE

Assurance Company of America did not act in bad faith, unfairly, or in a reckless or wanton fashion in denying coverage for the Gorman claim.

### FOURTH AFFIRMATIVE DEFENSE

Assurance Company of America's denial of coverage was not frivolous or unfounded in connection with the Gorman claim.

### FIFTH AFFIRMATIVE DEFENSE

Assurance Company of America displayed no dishonest or improper purpose or motive of self interest or ill will in connection with its evaluation of and denial of coverage for the Gorman claim.

### SIXTH AFFIRMATIVE DEFENSE

Mere negligence or bad judgment, the existence of which are denied on the part of Assurance Company of America, do not constitute bad faith.

### SEVENTH AFFIRMATIVE DEFENSE

Assurance Company of America acted properly, in good faith and dealt fairly with its insured in connection with the investigation of the Gorman claim and with respect to its evaluation of coverage in relationship to that claim.

### EIGHTH AFFIRMATIVE DEFENSE

At no time did Assurance Company of America act recklessly, wantonly, with ill will or with improper purpose in connection with the investigation of the Gorman claim and the evaluation of coverage in relationship to that claim.

### NINTH AFFIRMATIVE DEFENSE

At no time did Assurance Company of America act with a conscious disregard for, or with indifference to, the rights of its insured in connection with the Gorman claim.

### TENTH AFFIRMATIVE DEFENSE

Assurance Company of America had a reasonable basis upon which to reach its position in connection with the lack of coverage for the Gorman claim, see (e.g.) the Underlying Complaint at Paragraphs 24(f) and 24(g).

**ELEVENTH AFFIRMATIVE DEFENSE**

Assurance Company of America's decision to investigate the underlying claim and its subsequent decision to deny coverage for the Gorman claim does not constitute bad faith.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to have a jury decide the claims set forth in the complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to prove bad faith by clear and convincing evidence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to set forth a cause of action against Assurance Company of America upon which relief can be granted.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has not established an entitlement to punitive, treble or exemplary damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Assurance Company of America breached no contractual duties owed to plaintiff.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Assurance Company of America has not been unjustly enriched.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Assurance Company of America is the proper party defendant. Zurich American Insurance Company t/a Zurich North American is not a proper party.

WHEREFORE, defendant Assurance Company of America demands that Plaintiff's Complaint be dismissed, that it be awarded costs of defense including reasonable attorneys fees and that it have such other and further relief as may be deemed just and appropriate under the circumstances.

                HECKER BROWN SHERRY AND JOHNSON LLP


        By: _____
            Carl H. Delacato, Jr., Esquire
            Attorney I.D. No. 32145
            Frederick E. Blakelock, Esquire
            Attorney I.D. No. 65938
            Attorneys for Defendant,
            Assurance Company of America

Dated: <u>September 25, 2002</u>