IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE ARTERS t/a GREENDALE BUILDERS | CIVIL ACTION - LAW |
| Plaintiff, | |
| v. | No. 02-CV-4388 |
| ZURICH AMERICAN INSURANCE CO. t/a, ZURICH NORTH AMERICA as successor in Interest to ASSURANCE CO. OF AMERICA, et al. | JURY OF TWELVE (12) DEMANDED |
| Defendants. | |

**PLAINTIFF'S SECOND MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS PURSUANT TO LOCAL RULE 26.1**

AND NOW comes the Plaintiff by his counsel and respectfully moves the court to compel Defendant to produce documents claimed as privileged, and sets forth in support thereof the following:

1. This action was initiated by complaint filed on July 2, 2002.

2. Plaintiff served its first set of Request for production of documents on November 20, 2002.

3. No response was made by Defendants by January 16th, 2003 and Plaintiff wrote to defense counsel requesting a date within which said answers could be expected.

4. Plaintiff thereafter granted Defendant an extension of time to January 24, 2003 within which to serve its Answer to the Request for Production of Documents.

5. On or about January 31st, 2003, Defendants requested a further extension within which to answer.

6. Plaintiff granted Defendant additional time within which to answer, and granted an extension until February 4, 2003 with a caveat that, if no answer were filed by February 6, a motion would be filed. No answer was in fact filed by that date.

7.    On or about February 6, 2003, Plaintiff filed its first Motion to Compel.

8.    In the interim, to wit, on March 17th, 2003, Defendant for the first time filed its Answer to/and Objections to Plaintiff's Request for Production and included therein a privilege log in which Defendant untimely claimed an attorney/client and work product privilege. See original privilege log attached hereto. (Exhibit A).

9.    In the interim, the court on April 24, 2003 (entered April 25, 2003) entered an order rendering moot Plaintiff's initial motion to compel answers to the Plaintiff's first and second set of interrogatories and giving Defendant permission to serve responses and objections to Plaintiff's request for production on or before March 17, 2003. (See Exhibit B).

10.   Pursuant to the F.R.C.P., objections to requests for production of documents must be filed within thirty (30) days. In the absence thereof, the party waives its right to claim such a privilege. See *Keystone Medical Corporation v. Rosner et al. 1987 WL 6015 (ED Pa..) citing Davis v. Romney, 53 FRD 247 (ED Pa., 1971)*.

11.   Plaintiff was unaware that there would be a claim of privilege to any requested document until receipt of the same on or about March 17, 2003.

12.   Furthermore, even an objection that the information sought is privileged is waived by a failure to make it within the proper time limits. *Keystone, Supra, citing Baxter v. Vick, 25 FRD 229 (ED Pa., 1960)*.

13.   The Defendants, having delayed four (4) months without having filed prior objections, must be deemed to have waived the right to assert any such privilege.

14.   After March 17, 2003 until May 5, 2003, counsel for the parties have engaged in extensive negotiation regarding production of documents claimed by Defendant to be privileged, and on May 5, 2003 defense counsel altered Defendant's initial position and produced to counsel for the Plaintiff certain documents previously claimed to have been privileged.

15. There exists, however, claims by the Defendant that certain documents continue to be privileged and Defendant has refused to produce them. Those documents are identified in "Defendant's Enhansed (sic) Privilege Log", and certain redacted statements attached hereto as Exhibit C and D.

16. The source of this latest claim of privilege all originate in the Defendant company's claim file, as that source is described in Defendant's Privilege Log.

17. In addition to the issue of waiver by a tardy claim, the Defendants have made the advice of counsel an issue in the case and for that reason alone, without regard to waiver, Plaintiffs are entitled to the documents. <u>Rhone-Poulenc Rorer Inc. v. Home Indemnity v. Zurich International Insurance Company, et al.</u> 32 F3 851 (3rd Cir. 1994).

18. Defendants rely on the advice of counsel to justify their denial of coverage to their insured Greendale Builders when Greendale was presented with a claim that it was liable for personal injuries sustained by one Thomas Gorman, who had been performing work on a part-time basis on the same site where Greendale was working.

19. Prior to Mr. Gorman's commencement of work on this site, he had presented a business card to Greendale describing his business entity as "Gorman General Contracting."

20. Mr. Gorman kept his own working hours and tendered them to Greendale at the end of the week; was paid without taxes having been deducted, and without having any benefits included.

21. Zurich was aware of these facts and immediately began to seek ways to disclaim coverage, and after considering various options, the claims processors decided unilaterally that "there is an argument to make that the insured had control over the work which the claimant did and therefore, he would be considered an employee".

22. A formal adjudication of employer/employee status would trigger an exclusion in Greendale's policy.

23.     Zurich then forwarded the file "to H.O. (home office) legal to obtain an opinion regarding whether to disclaim or handle under ROR" (reservation of rights).

24.     No consideration was given by Zurich to the alternative of providing coverage.

25.     The legal opinions thereafter provided to the claims processors were used to justify the preexisting decision to deny coverage. Coverage was in fact, subsequently denied.

26.     Zurich never sought a formal adjudication of the status between Mr. Gorman and Greendale and relied on and put in issue the bona fides of the legal opinions obtained.

27.     The bona fides of the legal opinions obtained were put in issue, among other places, in paragraph 57 of Zurich's answer to the complaint by alleging in part: "The denial of coverage by Assurance Company of America was proper and was made in good faith after reasonable and appropriate investigation, *analysis* and consideration."

28.     Zurich also put the legal opinions received by counsel at issue in its first and second affirmative defense by pleading that it acted reasonably and fairly in connection with the investigation and evaluation of the coverage; in its fourth affirmative defense in alleging that the denial was not unfounded; in its seventh and eighth affirmative defense in alleging that it acted properly and in good faith in, among other things, its evaluation of coverage; and in its ninth and tenth affirmative defenses by alleging, among other things, that it did not act in disregard of the rights of the insured in connection with the Gorman claim and had a reasonable basis for doing so.

29.     The documents requested to be produced by the Plaintiff are identified in the Defendant's Privilege Log and in redacted portions of documents produced identified as ACOA 160, ACOA 162, ACOA 188, ACOA 189. The Privilege Log is attached as Exhibit C and the redacted documents are attached hereto as Exhibit D.

WHEREFORE, Plaintiff respectfully requests the Court enter an Order compelling Defendant to produce those documents without further objection.

                                        Respectfully submitted,

Date: May 29, 2003                        VAUGHAN, DUFFY & CONNORS, LLP

                                        By: _____
                                              Francis X. Nolan, Esquire
                                              Attorney for Plaintiff Lee Arters t/a
                                              Greendale Builders