IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE ARTERS T/A GREENDALE BUILDERS | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff(s), | : | |
| v. | : | NO. 02-CV-4388 |
| | : | |
| ZURICH AMERICAN INSURANCE CO. t/a, | : | |
| ZURICH NORTH AMERICA as successor in | : | |
| Interest to ASSURANCE CO. OF AMERICA | : | JURY OF TWELVE (12) |
| | : | DEMANDED |
| and | : | |
| | : | |
| ASSURANCE CO. OF AMERICA | : | |
| | : | |
| Defendant(s). | : | |

## ORDER

AND NOW, this ____ day of _____, 2003 upon consideration of Plaintiffs' Second Motion to Compel the Production of Documents Pursuant to Local Rule 26.1 and Defendants' Response thereto, it is hereby ORDERED, ADJUDGED and DECREED that the Motion is denied.

                                                                                                       J.

116391-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE ARTERS T/A GREENDALE BUILDERS | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff(s), | : | |
| v. | : | NO. 02-CV-4388 |
| | : | |
| ZURICH AMERICAN INSURANCE CO. t/a, | : | |
| ZURICH NORTH AMERICA as successor in | : | |
| Interest to ASSURANCE CO. OF AMERICA | : | JURY OF TWELVE (12) |
| | : | DEMANDED |
| and | : | |
| | : | |
| ASSURANCE CO. OF AMERICA | : | |
| | : | |
| Defendant(s). | : | |

**ASSURANCE COMPANY OF AMERICA'S RESPONSE TO PLAINTIFFS'
SECOND MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS PURSUANT
TO LOCAL RULE 26.1**

Answering Defendants, by and through their undersigned counsel, Hecker Brown Sherry and Johnson LLP, respectfully respond in opposition to Plaintiffs' Second Motion to Compel as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted. By way of further response, the requested extensions complied with the Rules of Civil Procedure and evidenced defendants' intent not to waive any properly grounded objections.

116391-1

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted. By way of further response, answering defendants deny that they waived their right to object to document requests seeking attorney-client privileged, work product or otherwise privileged information.

11. Answering defendants are unable to speak for plaintiff.

12. Denied as a conclusion of law.

13. Denied as a conclusion of law.

14. Admitted.

15. Admitted.

16. Admitted. By way of further response, the documents which have been withheld relate to work product or correspondence with legal counsel. Copies of those documents are being provided attached hereto as Exhibit "A" for an in camera review by the Court.

17. Denied as a conclusion of law. Answering defendants have not pleaded advice of counsel in their responses.

18. Denied as a conclusion of law. Answering defendants did not rely solely on advice of counsel with respect to the denial of coverage. It would be more appropriate to say that the decision was based on the investigation, a review of the policy information, the averments of the underlying complaint and input from legal counsel. It is respectfully suggested that a review of the documents set forth at Exhibit "A", copies of which are not being provided to opposing counsel at this time, will bear out that they are, appropriately, withheld as privileged and otherwise protected.

19. Admitted based on the recorded statement of Mr. Arters.

20. Admitted based on the deposition testimony dated May 8, 2003 of Thomas Gorman.

21. Denied. The averments set forth in Paragraph 21 are specifically denied. To the contrary the record facts and the information previously provided by answering defendants is in direct contrast to the averments set forth in Paragraph 21.

22. Denied as stated. It is admitted only that there is an employee exclusion in the subject policy.

23. Admitted. By way of further response, this shows the good faith of the carrier in dealing with the claim.

24. Denied as a conclusion of law. Moreover, this is no requirement to provide coverage where there is not any.

25. Denied as stated. There was no preexisting decision to deny coverage. It is admitted that coverage was, in fact, subsequently denied as is required by the terms and conditions of the subject policy and the facts developed in the carrier's investigation.

26. Denied as a conclusion of law. By way of further response, it is admitted that Zurich never sought a formal adjudication from a Court of the status between Mr. Gorman and Greendale. Zurich did evaluate the status based on the Complaint and the statement of Mr. Arters.

27. Denied as a conclusion of law. The averments set forth in the quoted Paragraph, being in writing, speak for themselves. The quoted Paragraph does not invoke the defense of advice of counsel.

28. Denied as a conclusion of law.

29. Admitted. By way of further response, the documents which plaintiffs seek to compel, are attached hereto in a sealed envelope and collectively as Exhibit "A" for in camera review by the Court. Copies are not being produced to Mr. Nolan at this time. The subject documents bear Bates-stamped numbers as follows: ACOA 141, ACOA 142, ACOA 166, ACOA 185, ACOA 191 through ACOA 193; ACOA 195 through ACOA 198; ACOA 200 through ACOA 203; ACOA 205 through ACOA 209.

Documents ACOA 160, ACOA 162, ACOA 188 and ACOA 189 were produced to Mr. Nolan in redacted form. Attached hereto in a sealed envelope and and collectively as Exhibit "B" are those redacted documents, with each one being followed by the unredacted version on which the redacted material appears in yellow highlighting. The unredacted versions are not being provided to Mr. Nolan at this time. By providing all these documents for in camera review by the Court, defendants do not waive any of the privileges or protections which may apply.

WHEREFORE, Answering Defendants respectfully request that Plaintiffs' Second Motion to Compel Documents be denied.

Respectfully submitted,

HECKER BROWN SHERRY AND JOHNSON LLP

BY: _____
    Carl H. Delacato, Jr.
    Attorneys for Defendant,
    Assurance Co. of America

Dated: June 11, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE ARTERS T/A GREENDALE BUILDERS | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff(s), | : | |
| v. | : | NO. 02-CV-4388 |
| | : | |
| ZURICH AMERICAN INSURANCE CO. t/a, | : | |
| ZURICH NORTH AMERICA as successor in | : | |
| Interest to ASSURANCE CO. OF AMERICA | : | JURY OF TWELVE (12) |
| | : | DEMANDED |
| and | : | |
| | : | |
| ASSURANCE CO. OF AMERICA | : | |
| | : | |
| Defendant(s). | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS PURSUANT TO LOCAL RULE 26.1**

---

Tom Gorman, a boy of seventeen years of age, was hired by plaintiffs to assist with carpentry and trim work on a new home construction as directed by Mr. Arters (Deposition of Tom Gorman May 8, 2003 at Page 4, Line 18.) School mates of Tom Gorman were also employed by Mr. and Mrs. Arters. (Deposition of Tom Gorman May 8, 2003 at Pages 94 and 95.) The boys were paid at a rate less than a professional, adult carpenter would charge. (Gorman Complaint at ¶14). Tom was injured while using a table saw in the course of that employment. (Gorman Complaint at ¶20).

The Complaint filed on his behalf in the personal injury action below contended <u>inter alia</u>, at ¶¶ 24(f) and (g) that:

> "the carelessness, recklessness and negligence of the Defendant, R.E.I. Consultants, Ltd., through its employee, servant and/or agent consisted of the following:

116391-1

>   (f)   Violation of Federal, State and Local laws, rules and regulations governing the <u>employment of minors</u>;
>
>   (g)   Violation of applicable Federal, State and Local Statutes, laws and regulations governing the use and/or <u>employment of minors</u> when utilizing dangerous power tools and machinery;" (emphasis supplied).

Similar contentions were set forth at Paragraphs 33(f) and 33(g).

The issues set forth in <u>Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co</u>., 32 F.3d 851 (C.A. 3 (Pa) 1994), 63USWL 2122, 30 Fed. R. Serv. 3d 513, relating to non-disclosure of attorney-client privileged documents actually support the position of Assurance Company of America. In <u>Rhone-Poulenc</u> the Third Circuit Court of Appeals issued a write of mandamus to the District Court Judge after the Court had ordered disclosure of attorney-client privileged documents.

Here, as there, Defendants do not seek to protect facts, which are readily discoverable and are already of record. They simply seek to protect the right of a claim professional to seek legal input as one component among many, in formulating a final position concerning coverage. The decision to deny coverage could, properly, have been reached based only upon a review of the allegations of the Complaint. Answering defendants performed additional investigation in the form of Mr. Arter's own statement in order to insure that they could reach a considered, informed and fair determination as to coverage. In the course of reaching this determination, the input of legal counsel was considered as <u>a part</u> of the decisional process.

Unfortunately, plaintiffs should have hired a proper subcontractor at a realistic price level, or provided Workers Compensation Insurance benefits for employees such as seventeen-year-old Mr. Gorman. In the absence of such mandatory workers' compensation coverage (which is more expensive) and the exclusive workers' compensation remedy protection which it

would have afforded, plaintiffs now attempt to convert their liability policy into such coverage. This attempt must fail as a matter of law and public policy. Disclosure of the documents sought will not change those facts. For these reasons, Answering Defendants respectfully request that Plaintiffs' Second Motion to Compel Production of Documents be denied. The documents are provided in sealed envelopes for the convenience of the Court if it deems that an <u>in camera</u> review would be appropriate.

          Respectfully submitted,

          HECKER BROWN SHERRY AND JOHNSON LLP

    BY:_____
          Carl H. Delacato, Jr.
          Attorneys for Defendant,
          Assurance Co. of America

Dated: <u>June 11, 2003</u>

## **CERTIFICATE OF SERVICE**

Carl H. Delacato, Jr., Esquire, hereby certifies that on this 11th day of June 2003, he caused a true and correct copy of the foregoing **Response to Plaintiffs' Second Motion to Compel the Production of Documents Pursuant to Local Rule 26.1 and Memorandum of Law in Support Thereof** to be served on the counsel listed below via first class United States mail, postage prepaid and properly franked as follows:

Francis X. Nolan, Esquire
VAUGHAN DUFFY & CONNORS, LLP
102 Pickering Way, Suite 400
Exton, PA  19341

Phillip A. Charamella, Esquire
LAW OFFICES OF MICHAEL D. FIORETTI
The Bourse Building
111 South Independence Mall East
Suite 790
Philadelphia, PA  19106-2323

_____
Carl H. Delacato, Jr.

116391-1