IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE ARTERS t/a GREENDALE BUILDERS : <br> : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ZURICH AMERICAN INSURANCE CO. t/a, : <br> ZURICH NORTH AMERICA as successor in : <br> Interest to ASSURANCE CO. OF AMERICA, et al. : <br> : <br> Defendants. : <br> : | CIVIL ACTION - LAW <br><br><br><br><br><br> No.  02-CV-4388 <br><br> JURY OF TWELVE (12) <br> DEMANDED |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS WRONGFULLY CLAIMED BY DEFENDANT AS PRIVILEGED**

Plaintiff's brief in chief cites two reasons why Defendants are not entitled to claim that the documents sought by Plaintiff were privileged:

1. The claim was made contrary to the federal rules of civil procedure and thus waived, and/or

2. That Defendant's have put the advice of counsel in issue and therefore may not claim the privilege.

In defense, Defendants opted to have the court examine the documents in camera. Plaintiffs submit that this is totally inappropriate at this stage.  If the court agrees with the Plaintiff, no amount of in-camera inspection will be relevant inasmuch as the court will have determined either that the privilege was waived or that the "advice of counsel" has been put in issue.

In support of its position, Defendants cite factual matters from depositions taken in May 2003. Those factual matters could not have been known by the Defendant at the time Defendants made their decision, wrongful as it was, to deny a defense or to indemnify the Plaintiff in the underlying litigation. The Defendants have made their bed by the decisions they made beforehand, and should be held bound by those decisions based upon the facts as they existed at the time that the decisions were made.

Furthermore, Defendant has taken the opportunity at this time, to argue the merits of the declaratory judgment action. By the argument presently presented, Defendants are attempting to rationalize and justify the initial decision neither to defend nor indemnify. That argument, we respectfully submit, is premature. The issue at the present time is whether Defendants have waived the right to assert an attorney/client privilege and/or whether they have placed the attorney's advice in issue. Defendants have blown hot and cold on that issue. They attempt to deny that they have placed the advice of counsel in issue on one hand, but on the other hand assert: "They (claims processors) simply seek to protect the right of a claim professional to seek legal input as one component among many, in formulating a final position concerning coverage" (page 2, defendant's brief). Accordingly, the Defendants should not be permitted to deny the plain meaning of its own language: that it sought the advice of counsel to justify the conclusion neither to defend nor indemnify.

Accordingly, the tactic to submit the documents for an in-camera inspection is premature. It may have been a proper procedure had Defendant not waived the privilege nor placed the advice of counsel in issue. That scenario, however, is not before the court.

Accordingly, Plaintiff respectfully requests that the court issue an order holding that the Defendants have waived the attorney/client privilege and/or in the alternative that the advice of counsel has been placed in issue, and the documents sought by Plaintiff must be produced within ten (10) days of the court's order.

                        Respectfully Submitted:

                        **VAUGHAN, DUFFY & CONNORS, LLP**

By: _____
      Francis X. Nolan, I.D. 09237
      Vaughan, Duffy & Connors, LLP
      102 Pickering Way, Suite 400
      Exton, PA  19341
      (610) 524-2100

Date:  June 24, 2003