```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LEE ARTERS t/a GREENDALE BUILDERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ZURICH AMERICAN INSURANCE CO. t/a | : | |
| ZURICH NORTH AMERICA as successor | : | |
| in interest to ASSURANCE CO. OF | : | |
| AMERICA, et al. | : | NO. 02-4388 |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                            July    , 2003

Discovery dispute.  Plaintiff seeks to compel production of documents which the defendant asserts are subject to work-product and attorney-client privileges.  I conclude that these privilege objections were asserted in a timely fashion (since the time for response to plaintiff's discovery requests had been extended until March 17, 2003, the date on which the objections were filed), and that nothing in defendant's pleadings gives rise to a waiver of the attorney-client privilege.  It is therefore appropriate to address the merits of defendant's objections.

The defendant refused to defend or indemnify its insured, the plaintiff, in a state-court lawsuit brought by a young man who was injured while performing carpentry work at the behest of plaintiff, who is himself a building contractor.  The insurance policy issued by the defendant was a general liability

policy, and specifically excluded coverage for injuries to employees or worker's compensation claims. The defendant has taken, and maintained, the position that the injured party was an employee of the plaintiff at the time of the accident. The state-court complaint charges plaintiff with having been negligent for having violated "federal, state and local laws, rules and regulations governing the employment of minors ... and/or employment of minors when utilizing dangerous power tools and machinery." Plaintiff contends that the injured party was not an employee, but an independent contractor. (It is apparently undisputed that the injured person was a teen-aged, high school student, paid at an hourly rate on a weekly basis).

      Since plaintiff is asserting that the defendant's decision not to defend or indemnify was made in bad faith, plaintiff is entitled to discover those parts of the defendant's claim file pertaining to its decision not to provide a defense to the state-court action, as distinguished from its defense of the present lawsuit. In this context, this distinction is necessarily somewhat blurred. The defendant has submitted all of the withheld documents to this Court for in-camera review, and has provided plaintiff's counsel with redacted versions of the documents. I have carefully reviewed all of the un-redacted documents, and have reached the following conclusions:

      (1) All of the documents are entirely consistent with

the legal position repeatedly expressed by the defendant, and well known to plaintiff, namely, that the injured party was an employee of the plaintiff, and that it would be appropriate to deny coverage;

     (2) There is nothing in any of the withheld documents which would be of significant assistance to the plaintiff in this action;

     (3) On the other hand, disclosure of the documents to plaintiff's counsel seems quite unlikely to prejudice the defendant in any way.

     In short, I conclude that plaintiff is not entitled to compel production of any of the withheld documents, but the defendant's action in withholding production seems rather silly. Much ado about nothing.

     An Order follows.

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LEE ARTERS t/a GREENDALE BUILDERS   :      CIVIL ACTION
                                    :
         v.                         :
                                    :
ZURICH AMERICAN INSURANCE CO. t/a   :
ZURICH NORTH AMERICA as successor   :
in interest to ASSURANCE CO. OF     :
AMERICA, et al.                     :      NO. 02-4388
```

ORDER

    AND NOW, this        day of July 2003, upon consideration of plaintiff's second motion to compel production of documents and defendant's response, IT IS HEREBY ORDERED:

    That plaintiff's motion is DENIED.


    _____   John P. Fullam, Sr. J.