IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE ARTERS T/A GREENDALE BUILDERS | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff(s), | : | |
| v. | : | NO. 02-CV-4388 |
| | : | |
| ZURICH AMERICAN INSURANCE CO. t/a, | : | |
| ZURICH NORTH AMERICA as successor in | : | |
| Interest to ASSURANCE CO. OF AMERICA | : | JURY OF TWELVE (12) |
| | : | DEMANDED |
| and | : | |
| | : | |
| ASSURANCE CO. OF AMERICA | : | |
| | : | |
| Defendant(s). | : | |

DEFENDANTS' ANSWER TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT SUR DECLARATORY
JUDGMENT ACTION AND CROSS MOTION FOR SUMMARY JUDGMENT

Defendants Zurich American Insurance Co. t/a Zurich North America, improperly named, and Assurance Company of America hereby respond to the Plaintiff's Motion for Partial Summary Judgment and Cross move for an Order granting Summary Judgment in their favor, and in support thereof, aver as follows:

1. Admitted.

2. Admitted.

3. Admitted in part, denied in part. It is admitted that Assurance Company of America is organized and existing under the laws of the State of New York. It is denied that the address stated in paragraph 3 is the location of Assurance Company's principal place of business. To the contrary, Assurance Company of America's principal place of business is located at Zurich Towers, 1400 American Lane, Schaumburg, Illinois, 60196-1056.

4. Admitted.

5. The allegations of paragraph 5 constitute conclusions of law as to which no response is required.

6. The allegations of paragraph 6 constitute conclusions of law as to which no response is required.

7. It is admitted that Assurance Company of America issued a policy of insurance, numbered SCP34746363, to Greendale Builders. By way of further response, the policy, being a writing, speaks for itself and any characterization thereof by plaintiff is denied. By way of further response, Zurich did not issue any policy of insurance to plaintiff and, to the extent that plaintiff asserts a claim under the policy issued by Assurance Company or America, Zurich can have no liability under said policy.

8. Admitted.

9. Denied as stated. The Policy referred to, being a writing, speaks for itself and any characterization thereof by plaintiff is denied. By way of further response, the language quoted at paragraph 9 of plaintiff's motion is substantially identical to language which appears in Section I of the Policy, Coverage A.

10. Denied as stated. The Policy referred to, being a writing, speaks for itself and any characterization thereof by plaintiff is denied. By way of further response, the portion of the Policy referred to provides that the insurance does not apply to:

> **d. Workers Compensation and Similar Laws**
>
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
> **e. Employer's Liability**
>
> "Bodily injury" to:

      (1) An "employee" of the insured arising out of and in the course of:

        (a) Employment by the insured; or

        (b) Performing duties related to the conduct of the insured's business; or

                *    *    *

    This exclusion applies:

      (1) Whether the insured may be liable as an employer or in any other capacity; and

      (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

    This exclusion does not apply to liability assumed by the insured under an "insured contract".

    11 and 12.    Denied. The Policy referred to in paragraph 11, being a writing, speaks for itself and any characterization thereof by plaintiff is denied. By way of further response, the terms referred to in paragraphs 11 and 12 are defined in Section V of the Policy as follows:

      6. "Employees" includes a "leased worker". "Employee" does not include a "temporary worker".

                *    *    *

      10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include "temporary worker".

                *    *    *

      20. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

    13.    Admitted on information and belief.

14. Denied.

15. Admitted in part, denied in part. It is admitted that Thomas Gorman, then age 17, performed carpentry work for plaintiff at the Construction Project and at other locations. It is denied that he was an independent contractor. To the contrary, Gorman was an employee of plaintiff, subject to the direction and control of plaintiff with respect to the work performed.

16. Denied. The allegations of paragraph 16 constitute conclusions of law as to which no response is required. By way of further response, Gorman was an employee of plaintiff, subject to the direction and control of plaintiff as to the work performed.

17. Denied as stated. It is admitted only that Gorman was paid according to the number of hours he worked.

18. Admitted.

19. Admitted.

20. Denied. The Complaint referred to, being a writing, speaks for itself and any characterization thereof by plaintiff is denied.

21. Denied. The Complaint referred to, being a writing, speaks for itself and any characterization thereof by plaintiff is denied.

22. Admitted on information and belief.

23. Admitted.

24. Denied. The Policy referred to in paragraph 24, being a writing, speaks for itself and any characterization thereof by plaintiff is denied.

25. Denied. The letter referred to in paragraph 25, being a writing, speaks for itself and any characterization thereof by plaintiff is denied. By way of further response, it is admitted that Assurance Company of America declined coverage with respect to the suit filed against

plaintiff by Gorman on the basis that the coverage afforded under the policy did not apply. It is specifically denied that Zurich provided insurance coverage to plaintiff or that it has any obligation to provide a defense or indemnity in connection with the claims asserted against plaintiff by Gorman.

26. Denied. The allegations of paragraph 26 constitute conclusions of law as to which no response is required.

27. Denied. The allegations of paragraph 27 constitute conclusions of law as to which no response is required.

28. Denied. The allegations of paragraph 28 constitute conclusions of law as to which no response is required. By way of further response, the underlying Complaint, being a writing, speaks for itself and any characterization thereof by plaintiff is denied.

29. Denied. The letter referred to in paragraph 29, being a writing, speaks for itself and any characterization thereof by plaintiff is denied. By way of further response, it is specifically denied that Zurich provided insurance to plaintiff or that it has any obligation to provide a defense or indemnity in connection with the claims asserted against plaintiff by Gorman.

30. Denied as stated. It is admitted only that Assurance Company of America took a statement from Mr. Arters. By way of further response, the statement referred to in paragraph 30, being a writing, speaks for itself and any characterization thereof by plaintiff is denied. Moreover, it is denied that Zurich provided insurance to plaintiff or that it has any obligation to provide a defense or indemnity in connection with the claims asserted against plaintiff by Gorman.

126088-1

31.     Admitted in part, denied in part.  It is admitted only that Assurance Company of America produced documents in the course of this litigation.  The documents referred to in paragraph 31, being in writing, speak for themselves and any characterization thereof by plaintiff is denied.  By way of further response, at all times material hereto, Assurance Company of America acted reasonably and considered all appropriate factors in evaluating the applicability of the insurance to the claims asserted against plaintiff and its denial of coverage with respect to such claims was reasonable and justified.

32.     Denied.  The transcript of Gorman's deposition testimony, being a writing, speaks for itself and any characterization thereof by plaintiff is denied.  By way of further response, plaintiff's selective reference to excerpts from the deposition testimony of Gorman does not accurately or completely reflect the relationship between plaintiff and Gorman.

32.     [sic] Denied.  The allegations of the paragraph numbered 32 constitute conclusions of law as to which no response is required.  By way of further response, the documents referred to, as a whole, establish that Gorman was an employee of plaintiff, subject to the direction and control of plaintiff and that the coverage afforded under the Assurance Company of America policy does not apply.  Moreover, Zurich American Insurance Company did not issue any policy of insurance to plaintiff and has no relationship with plaintiff, contractual or otherwise.  It cannot, therefore, have any obligation to provide a defense or indemnity in connection with the claims asserted against plaintiff by Gorman.

WHEREFORE, Defendants respectfully request that the Court enter an Order denying Plaintiffs' Motion for Partial Summary Judgment on the issue of Defendants' duty to defend.  In addition, defendant Zurich American Insurance Co. respectfully requests that all claims asserted

126088-1

against it be dismissed with prejudice, and that summary judgment be granted in favor of defendants as to all claims asserted against them.

                      HECKER BROWN SHERRY AND JOHNSON LLP

BY: _____
       Carl H. Delacato, Jr.
       Attorneys for Defendants
       Zurich American Insurance Co. t/a Zurich North
       America (improperly named) and Assurance Co. of
       America

Dated:  October 31, 2003

126088-1