IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE ARTERS t/a GREENDALE BUILDERS | CIVIL ACTION - LAW |
| Plaintiff, | |
| v. | No.  02-CV-4388 |
| ZURICH AMERICAN INSURANCE CO. t/a, ZURICH NORTH AMERICA as successor in Interest to ASSURANCE CO. OF AMERICA, et al. | JURY OF TWELVE (12) DEMANDED |
| Defendants. | |

**PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S BRIEF IN OPPOSITION**

**I.     INTRODUCTION**:

Plaintiff has moved for Partial Summary Judgment in its Declaratory Action matter praying for an Order that the Defendant insurance company be obligated to defend them in a personal injury action filed in Delaware County wherein the Plaintiff is Thomas Gorman and the Defendants are Mr. and Mrs. Arters and Greendale Builders.  Defendant insurance company has opposed the Motion and has filed a Memorandum in support thereof.  Plaintiff files this Reply Memorandum.

**II.     THE ISSUE**:

Plaintiff respectfully suggests that the issue to be decided by the Court is not to decide the relationship between the Greendale Builders and Thomas Gorman, as suggested by the Defendants.  That issue is to be decided by the jury in the underlying case in Delaware County.  The issue before this Court is restricted to determining whether the insurance company wrongfully denied the Arters and Greendale Builders a defense based upon the information that the insurance company had at its disposal when the Gorman Complaint was filed.  The present

issue is whether the insurance company must defend. The issue as to whether they must indemnify (i.e., whether the relationship between Gorman and Greendale was independent contractor, temporary employee, or an employee) should be decided by a jury in the underlying case.

The Plaintiff respectfully suggests as it did in its Brief in chief, that the question of coverage must be determined from the four corners of the Complaint filed by Mr. Gorman. Plaintiff asserts that it has demonstrated beyond doubt that the insurance company denied coverage by attempting to project that they would not be required to indemnify because it anticipated that someone in the future would define the relationship between the parties as one as employer/employee.

As Pennsylvania law clearly demonstrates, the duty to defend is separate from the duty to indemnify. The Defendant insurance company here projected that since they would ultimately prevail on the status of the parties, i.e. not have to indemnify, that they therefore were not required to defend, an obviously incorrect conclusion.

The e-mails attached to Plaintiff's Brief in chief demonstrates beyond doubt that that the Defendant considered matters *dehors* the underlying Complaint contrary to Pennsylvania law.

Consequently Plaintiffs respectfully pray that the court enter an Order granting their Motion and ordering the Defendant insurance company to defend them in the underlying action.

Respectfully Submitted:

**VAUGHAN, DUFFY & CONNORS, LLP**

By: _____
Francis X. Nolan, Esquire, I.D. 09237
Attorney for Plaintiff
102 Pickering Way, Suite 400
Exton, PA  19341
(610) 524-2100

Date: November 4, 2003

2