```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

LEE ARTERS t/a GREENDALE BUILDERS  :   CIVIL ACTION
                                   :
            v.                     :
                                   :
ZURICH AMERICAN INSURANCE CO., t/a :
ZURICH NORTH AMERICA as successor  :
in interest to ASSURANCE CO. OF    :
AMERICA, et al.                    :   NO. 02-4388


                    MEMORANDUM AND ORDER

Fullam, Sr. J.                                November    , 2003

      Cross-motions for summary judgment in this insurance-coverage dispute. The issue is whether the defendant insurers are obliged to provide a defense to plaintiff Lee Arters t/a Greendale Builders with respect to a state-court personal-injury action brought against plaintiff and others by one Thomas Gorman. The applicable policy does not provide coverage for any claims brought by an employee of the plaintiff, hence the decisive question is whether Mr. Gorman was an employee of plaintiff at the time of his injury.

      Plaintiff Lee Arters t/a Greendale Builders is a small construction firm. At the time of the accident, plaintiff was a subcontractor on a house construction project. The injured party, Mr. Gorman, was a 17-year old high school student who was performing carpentry services for plaintiff. In the underlying state-court action, Mr. Gorman is suing plaintiff, the general contractor on the project, and the owners of the house which was

being constructed.

The defendant insurers contend that Mr. Gorman was an employee of plaintiff. Plaintiff contends that Mr. Gorman's state-court complaint does not allege that he was an employee, he is not asserting a worker's compensation claim, and the issue of his employment status is yet to be determined. Accordingly, plaintiff argues that the defendants must at least provide a defense in the underlying state-court action.

Plaintiff correctly argues that the insurers' obligation to provide a defense must be ascertained by the allegations of the state-court complaint, and that a defense must be provided unless it is clear from those allegations that there is no coverage under the insurance policy. Stated otherwise, if the state-court complaint asserts claims which might be covered by the insurance policy, the insurer is obliged to defend until such time as it becomes clear that there is no coverage.

The state-court complaint brought by Mr. Gorman against the plaintiff includes the following allegations: that plaintiff "contacted Thomas Gorman, who was a student at Springfield High School, Springfield, Delaware County, Pennsylvania for the purpose of having the minor child, Thomas Gorman, perform certain manual labor services for him in the construction of the real estate located on the subject premises." (¶ 11). "The defendant obtained the services of the plaintiff and other young boys at

the high school to perform these carpentry services at an hourly rate substantially less than a professional adult carpenter would charge"; that plaintiff provided the power tools which Gorman was using at the time of his injury; and that Mr. Gorman "was operating a saw while performing manual labor on behalf of the defendant Greendale Builders, Inc." (¶ 31), and that plaintiff was negligent for "hiring minors to operate dangerous and defective power tools and/or machinery;" failure to properly supervise the minor; and "violation of applicable federal, state and local statutes, laws and regulations governing the use and/or employment of minors when utilizing dangerous power tools and machinery."  (¶ 33(g)).

Thus, all of the allegations of the state court complaint are certainly consistent with the notion that Gorman was an employee of plaintiff.  And the undisputed facts bear this out: plaintiff told Gorman what to do and, in general, how to do it, and paid Gorman an hourly wage.

The fact that Gorman is suing plaintiff for negligence rather than asserting a worker's compensation claim is of no consequence in the present case, since Mr. Gorman was, undoubtedly, an employee-in-fact and plaintiff is charged with negligence in hiring him, and in failing to supervise him adequately -- allegations which plainly rule out coverage for Mr. Gorman's injuries.

Plaintiff's motion for summary judgment will therefore be denied, and defendants' will be granted.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE ARTERS t/a GREENDALE BUILDERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ZURICH AMERICAN INSURANCE CO., t/a | : | |
| ZURICH NORTH AMERICA as successor | : | |
| in interest to ASSURANCE CO. OF | : | |
| AMERICA, et al. | : | NO. 02-4388 |

ORDER

AND NOW, this    day of November 2003, upon consideration of the cross-motions for summary judgment, IT IS ORDERED:

1. Plaintiff's motion for partial summary judgment is DENIED.

2. Defendants' motion for summary judgment is GRANTED.

IT IS ORDERED, ADJUDGED AND DECLARED that the defendants have no obligation to provide a defense or indemnity with respect to the state-court action brought against plaintiff by Thomas Gorman.

_____    John P. Fullam, Sr. J.

5