Frank J. Marcone, Esquire                           Attorney ID # 08967
127 Chester Pike                                     Telephone 610 595 1441
Ridley Park, Pennsylvania 19078                      Fax 619 595 1448

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEE ARTERS                         :        CIVIL ACTION NO: 02-4388
t/a GREENDALE BUILDERS             :
                                   :
           vs.                     :
                                   :
ZURICH AMERICAN INSURANCE          :
CO., t/a, ZURICH NORTH AMERICA     :
AS SUCCESSOR IN INTEREST TO        :
ASSURANCE CO. OF AMERICA,          :
ET AL.                             :

## MOTION FOR RECONSIDERATION OF
## AN ORDER AND MEMORANDUM ENTERED ON NOVEMBER 20, 2003
_____

Frank J. Marcone, Esquire, attorney for Lee Arters t/a Greendale Builders files this
Motion for Reconsideration of the Order and Memorandum signed on November 20,
2003 and in support of the Motion avers the following:

        1.  The Order and accompanying Memorandum deny relief to the Plaintiffs, Lee
Arters who trades as Greendale Builders by concluding that Thomas Gorman, the plaintiff
in an "underlying case", was an "employee" of the Plaintiff at the time of his injury and in
that classification, is not a plaintiff whose claim must be defended by the Zurich
Insurance Company who insured the Plaintiffs.

        2. The Court has erred in granting a Summary Judgment to the Defendant.  There
was no Motion for Summary Judgment on the merits filed by the Defendant Zurich
American Insurance Company and therefore, "granting" the "Motion" was inappropriate.
The only Motion filed by the Defendant sought to be relieved of any obligation under the

policy of insurance because Zurich Insurance Company asserted that Assurance Company of America was the insurer and Zurich Insurance Company was not.

3. The Court mistook the pleading status of the case by asserting there were "cross-motion" which were to be addressed by the Court. Submitting counsel has been informed there was a Motion for Summary Judgment on the merits, filed by co-counsel seeking relief by the Plaintiffs but that there was no "cross motion" on the merits filed by the Defendant Insurance Company. In fact, the concluding statement on the Motion filed by the Insurance Company is a request that they be dismissed on a procedural basis. There was no request for a resolution on the merits.

4. The Court further erred in concluding the issue before the Court was whether the plaintiff in a civil action in Delaware County was an "employee" at the time of the underlying cause of action. This was not raised by the Defendant Insurance companies in any "Motion" filed with the Court for the Defendants realized the only issue before the Court is whether the Complaint in the underlying case stated a claim which potentially could be covered by the policy of insurance. Any other issue related to the status of the underlying defendant is solely to be determined by a factfinder.

5. The issue before the Court was not for the Court to determine the status of the plaintiff in the underlying action for that requires the presentation of evidence and a determination by a jury. The issue before the Court was confined to whether the law requires an Insurance Company to enter a defense if the underlying Complaint requires a defense to be entered on the basis of a "potential" cause of action.

6. The issues before the Court which resulted in the Order for which reconsideration is being sought were not before the Court and procedurally could not be the basis for the Order.

7. The Court failed to apply the accepted legal standards of what is the criteria for concluding the "employee" status of the underlying plaintiff. In fact, examining the record requires a complete reversal of the conclusion reached by the Court. Further, the

issue of whether the underlying plaintiff was or was not an "employee" requires testimony from which a fact finder, (jury) could draw conclusions regarding that status. The jury must determine what facts apply to the case. The Court is not permitted to substitute the Opinion of the Court for the findings of a jury.

8. In the most recent case of _Continental Casualty Company v. County of Chester,_ 244 F. Supp.2d 403 , E.D. Pa. 2003, Judge Savage properly stated the applicable law which is referred to in the accompanying Memorandum in support of this Motion for Reconsideration. Following the law as described by Judge Savage, the Court is virtually mandated to vacate the November 20, 2003 Order and grant the Plaintiff's Motion for partial Summary Judgment.

WHEREFORE, the Plaintiffs respectfully pray the Court reconsider the Order signed on November 20, 2003 and reverse the Order in accord with the attached Memorandum of Law.

Respectfully submitted,

_____
Frank J. Marcone, Esquire
Attorney for Plaintiffs, Lee Arters
t/a Greendale Builders.

December 2, 2003

Frank J. Marcone, Esquire                              Attorney ID # 08967
127 Chester Pike                                            Telephone 610 595 1441
Ridley Park, Pennsylvania 19078                    Fax 610 595 1448

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEE ARTERS                          :        CIVIL ACTION NO: 02-4388
t/a GREENDALE BUILDERS     :
                                            :
     vs.                           :
                                            :
ZURICH AMERICAN INSURANCE  :
CO., t/a, ZURICH NORTH AMERICA  :
AS SUCCESSOR IN INTEREST TO   :
ASSURANCE CO. OF AMERICA,      :
ET AL.                                   :

**MEMORANDUM OF LAW IN SUPPORT OF
RECONSIDERATION OF THE ORDER SIGNED NOVEMBER 20, 2003**
_____

This action is before the Court upon a Motion filed by the Plaintiff alone, seeking
Summary Judgment upon the issue of whether the Defendant Insurance Carrier must
provide a defense in a civil case filed in the Court of Common Pleas of Delaware County.

**FACTS**:

     The underlying case results from an allegation that Lee Arters t/a Greendale
Builders was negligent in hiring Thomas Gorman to work upon a construction site in
Delaware County.  The evidence elicited through Depositions has established that
Gorman's prior experience in construction developed through his education at a local
Votec School where he excelled as first in his class in carpentry.  He was not only fully
trained but excelled in tests related to his accomplishments and won State wide
competitions in which his competence was proven in comparison with other students.

     He came to the Plaintiff in this case highly recommended by his instructors.

Gorman's relationship with Arters and Greendale was as a part time sub contractor who was paid for his hours; was given tasks which did not require supervision and was the "master" of his own schedules, working when his schedule at school and other jobs permitted him to do so. He was not given specific hours, was not expected to report to work at specific times and was free to arrive and leave at his own discretion. He kept his own hours and gave Arters a "bill" for his time and was paid a gross pay, with no taxes, nor deductions being held by Arters as the law recognizes an employee to be paid. He was not given a W-2 wage form and was not an "employee" as is defined by law.

He advertised his occupation as a subcontractor and apparently did work for other persons under the same status. Neither Arters nor Greendale withheld any funds from the gross pay of Gorman and offered no "benefits" which would be evidence of an employee and employer relationship. There is absolutely nothing in the record which would support the conclusion reached by the Court.

Since the Order and Memorandum do not cite cases from which the Court concluded he was an "employee", counsel is unable to determine the basis for such a conclusion.

Further, the issue before the Court was not whether Gorman was an "employee". The only issue resulting from the singular Motion for Summary Judgment filed by the Plaintiff's co-counsel, was whether the law in Pennsylvania required the Defendant Insurance Company to defend the underling case.

**DISCUSSION OF APPLICABLE LAW**:

In a very recent decision the law was defined clearly. Judge Savage wrote on the issue of whether an Insurance Company is required to enter a defense and recited the applicable law in *Continental Casualty Company v. County of Chester*, 244 F. Supp.2d 403 (E.D. Pa. 2003) and concluded that a defense is required and an insurer has an obligation to defend an insured under Pennsylvania law when the following criteria are met:

1.Does the Complaint in the underlying case state a claim which is "potentially" covered by the Insurance policy.

2. Applying Pennsylvania law, an insurer's duty to defend an insured in an underlying action arises even if the underlying complaint has no basis in fact or is even false groundless or fraudulent.

3. Under Pennsylvania law, a District Court must give effect to the plain language of the insurance contract read in its entirety.

4. Under Pennsylvania law, when the language of an insurance policy is ambiguous, the provision must be construed in favor of the insured.

5.  An insurance policy is "ambiguous" if it is reasonably susceptible to more than one construction and meaning.

6. Under Pennsylvania law, the language of the insurane policy should not be stretched beyond its plain meaning to create an ambiguity.

7. Under Pennsylvania law, an insured has the initial burden of establishing coverage under an insurance policy.

8. Under Pennsylvania law, when an insurer relies upon a policy exclusion as the basis for denying coverage, it bears the burden of proving that the exclusion applies to the insured's claim.

9. Under Pennsylvania law, an insurer can sustain its burden of proving that a policy exclusion's applicabilty to the insured's claim by uncontradicted facts in the record.

10. Under Pennsylvania law, insurance policy exclusions are strictly construed against the insurer.

11. Under Pennsylvania law, an insurer's duty to defend is distinct from its duty to provide coverage under an insurance policy, and, it is interpreted more broadly than the duty to indemnify.

12. Under Pennsylvania law, an insurer may have a duty to defend even though it may have no duty to indemnify.

13. Under Pennsylvania law, relative to duty to defend, an insurer's duty to indemnify may not arise until later in the proceedings when the insured is found liable for a covered claim.

14. Under Pennsylvania law, whenever a complaint filed against an insured could potentially come within the insurance policy's coverage, the insurer's duty to defend is triggered.

15. Under Pennsylvania law, because the insurer's duty to defend is broader than the duty to indemnify, the underlying complaint against the insured must be construed liberally, the factual allegations must be accepted as true, and all doubts as to coverage must be resolved in favor of the insured.

In the _Continental_ case (supra), the Court was faced with an issue of whether an insurance carrier was obligated to enter a defense in a case where the insured, (County of Chester) had sued pursuant to a breach of contract claim. The Carrier filed for a declaration that it had no duty to defend and to indemnify the insured because all the claims in the complaint arose from a breach of contract claim and the policy provided no coverage for breach of contract. Chester County claimed a defense must be undertaken on a counterclaim by their negligence carrier simply because one of the claims raised in a counterclaim referred to a breach of contract being a violation of the litigant's civil rights under a 1983 action.

Judge Savage decided the carrier must enter a defense because one of the counts in the counter claim referred to a possible civil rights violation and that factor alone was

sufficient to trigger the necessity for a defense pursuant to applicable and ruling Pennsylvania State law.

The insurance carrier argued that the counterclaim asserting a possible civil rights violation was in fact based upon a claim of a breach of contract rather than in tort.

Drawing upon language almost identical to the language of the policy of insurance in this case, Judge Savage directed the carrier to enter a defense since the terms in the policy of insurance did not have "definitions" which clearly asserted what the terms meant and the counterclaim raised an area which had a potential of being covered by the policy.   In the Arters case, the policy terms upon which the disclaimer was based were not clear, are ambiguous and do not excuse the carrier under the criteria referred to above. The policy of insurance does not clearly define the status of Gorman and since the law requires the insurance carrier must carry that burden, the burden has not even been approached by the Defendant carrier.   It is believed this is because the Defendants recognize the Complaint filed by Gorman clearly raises even more than a "potential" claim under the policy of insurance.

The issue in this case as defined by the Court is the status of Gorman and whether at the time of his injury, he was an "employee" as defined in the policy.  That issue however must first be examined in the scope of the evidence presented by the Plaintiff herein who asserts Gorman falls completely within the scope of persons covered by the Policy provisions.  It is more interesting to note that Gorman also asserts the same claim. The Opinion sought to be reconsidered fails to examine the terms contained in the Policy of Insurance and thereby gives no guidance to the parties related to the true basis for the Order.

Clearly, before the Court may grant a Summary Motion, the issues must be before the Court.  Here the Court "granted" a Summary Motion on the merits to the Defendant when if fact no Summary Motion on the merits was before the Court.  Absent a clear definition of the issues, the parties are unable to determine what they must do in reviewing the Order.

**CONCLUSION**:

Therefore, applying the law as defined in Continental (supra) and further, examining the current status of the Arters case, the Court is compelled to vacate the Order of November 20, 2003 and to grant the Motion for Summary Judgment filed by Arters.

Respectfully submitted,


Frank J. Marcone, Esquire
Co-counsel for Lee Arters and
Greendale Builders

December 2, 2003

CERTIFICATE OF SERVICE

Frank J. Marcone, Esquire, attorney as co-counsel for Lee Arters and Greendale Builders, does hereby certify that on December 3, 2003, he forwarded a true and correct copy of the attached Motion to Reconsider the Order signed by the Court on November 20, 2003, together with a supporting Memorandum to the following by First Class Mail, postage prepaid:

> Carl H. Delcato,Jr. Esquire
> Hecker, Brown, Sherry & Johnson, LLP
> 1700 Two Logan Square
> 18th and Arch Streets
> Philadelphia, Pennsylvania 19103-2768
>
> Phillip A. Charamella, Esquire
> Law Offices of Michael D. Fioretti
> The Bourse Building
> 111 South Independence Mall East, Suite 790
> Philadelphia, Pennsylvania 19106-2323
>
> Francis X. Nolan, Esquire
> Vaughan, Duffy & Connors
> 102 Pickering Way, Suite 400
> Exton, Pennsylvania 19341

_____
Frank J. Marcone, Esquire
co-counsel for Plaintiffs, Lee Arters and
Greendale Builders