**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEE ARTERS T/A GREENDALE BUILDERS | : | CIVIL ACTION – LAW |
| Plaintiff, | : | |
| v. | : | NO. 02-CV-4388 |
| | : | |
| ZURICH AMERICAN INSURANCE CO. t/a, | : | |
| ZURICH NORTH AMERICA as successor in | : | |
| Interest to ASSURANCE CO. OF AMERICA | : | JURY OF TWELVE (12) |
| | : | DEMANDED |
| and | : | |
| | : | |
| ASSURANCE CO. OF AMERICA | : | |
| Defendants. | : | |

DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

I.   INTRODUCTION

Lee Arters t/a/ Greendale Builders (hereinafter "Greendale") brought this suit to obtain a defense and indemnity in connection with a personal injury suit brought by it against Thomas Gorman in the Court of Common Pleas of Delaware County, Pennsylvania. The insurance policy under which Greendale seeks a defense and indemnity was issued by defendant Assurance Company of America.

On September 9, 2003, Greendale filed a motion for summary judgment with respect to its claim for a defense of the Gorman matter, arguing that the allegations of the underlying complaint were within the coverage afforded by the American Assurance policy. Defendants' response to the motion was three-fold. First, defendants contended that a comparison of the allegations of the underlying complaint to the coverage afforded under the American Assurance policy demonstrated that employment-related exclusions contained in the policy applied to

preclude coverage. Second, defendants stated that Zurich American Insurance Co. had not issued any policy to Greendale and that plaintiff has offered no justification for continuing the suit against "Zurich American Insurance Co., t/a Zurich North America." Finally, defendants noted that the Court is authorized to deny summary judgment to the moving party and enter judgment in favor of the nonmoving party, even in the absence of a formal motion.

On November 20, 2003, the Court entered an Order denying Greendale's motion for summary judgment and granting summary judgment in favor of defendants as to both the defense and indemnity issues. The Court's Memorandum, filed on the same date, reviewed the allegations of the underlying complaint and concluded, based upon those allegations and Pennsylvania law governing interpretation of insurance policies, that "Gorman was, undoubtedly, an employee-in-fact and plaintiff is charged with negligence in hiring him, and in failing to supervise him adequately – allegations which plainly rule out coverage for Mr. Gorman's injuries." Memorandum at p. 3.

Plaintiff has now moved for reconsideration of the Order contending (1) that the Court could not grant judgment in favor of defendants because there was no formal motion before it, and (2) that the Court reached the wrong result. For the reasons discussed below, defendants contend that Greendale has failed to make a case for reconsideration of the Court's November 20, 2003 Order and that the motion should, therefore, be denied.

II.     DISCUSSION

The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence. Sauers v. Bensalem Township, 2003 U.S. Dist. LEXIS 18105 (E.D. Pa. Sept. 25, 2003)(quoting Max's Seafood Café v. Quitneros, 176 F.3d 669, 677 (3d Cir. 1999). Because federal courts have a strong interest in the finality of judgments,

2

motions for reconsideration should be granted sparingly.  <u>Johnson v. Agent Knorr</u>, 2003 U.S. Dist. LEXIS 20211 (E.D. Pa. Oct. 28, 2003).  A general dissatisfaction with the court's ruling is not a valid ground for granting a motion for reconsideration.  <u>Id</u>.  <u>See</u> <u>also</u> <u>Wilson v. Seven Seventeen HB Phila. Corp. No. 2</u>, 2001 U.S. Dist. LEXIS 5470 (E.D. Pa. March 7, 2001)(it is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through).

Greendale has not pointed to any newly-discovered evidence to support its motion for reconsideration; rather, it rests its claim for relief upon an alleged procedural impropriety in the Court's ruling.  Specifically, Greendale contends that the Court could not grant summary judgment in favor of defendants because defendants did not seek such relief and the matter was not, therefore, before the Court.

Contrary to Greendale's contention, defendants did, in fact, seek an order of judgment in their favor.  As noted by Greendale, defendant Zurich American Insurance Company specifically moved for dismissal of the Complaint against it on the basis that it did not issue an insurance policy to plaintiff and could not, therefore, have any obligation to defend or indemnify plaintiff in the underlying action.  In addition, however, the prayer for relief contained in defendants' Answer to Plaintiff's Motion for Partial Summary Judgment requested "that summary judgment be granted in favor of defendants as to all claims asserted against them."  Answer at p. 6.  Similar relief was requested in defendants' Memorandum of Law at p. 8.

More importantly, the matters leading to the November 20, 2003 decision were clearly placed in issue by Greendale's Motion and defendants' Answer thereto and were, therefore, before the Court for disposition.  As stated in defendants' prior brief, if a court determines on motion for summary judgment that no material factual issue exists, it is authorized to deny

3

summary judgment to the moving party and enter judgment in favor of the nonmovant. See Yacavone v. Bailar, 455 F. Supp. 287 (D.C. Cir. 1978). This is precisely what occurred in this case and reconsideration of the Order on the basis that the Court lacked the authority to determine the matters before it is unwarranted.

Greendale also complains that the Court failed to reach the correct result. As noted above, a general dissatisfaction with the Court's ruling is not a valid ground for granting a motion for reconsideration and Greendale's motion should fail on that basis alone. Further, Greendale has not pointed to any principle of law or material fact overlooked by the Court which might justify reconsideration. Instead, it relies upon an unsupported recitation of "facts" and a decision by the Honorable Timothy J. Savage in Continental Casualty Co. v. County of Chester, 244 F. Supp. 2d 403 (E.D. Pa. 2003), a case whose only similarity to the instant matter is that it involves a claim for insurance coverage.

The "facts" relied upon by Greendale were before the Court or could have been placed before the Court on Greendale's initial motion. Further, the Court applied appropriate rules of insurance policy interpretation, including those set forth by Judge Savage in the Continental Casualty decision. The fact that the Court did not insert citations in support of well-settled principles of insurance law does not support plaintiff's contention that reconsideration is required. Simply stated, plaintiff has not pointed to anything that would warrant reconsideration by the Court and the motion should be denied.

III.  CONCLUSION

      For the foregoing reasons, defendants Zurich American Insurance Co. t/a Zurich North America (improperly named) and Assurance Co. of America respectfully request that an Order be entered denying plaintiff's Motion for Reconsideration.

      Respectfully submitted,

      HECKER BROWN SHERRY AND JOHNSON LLP

      BY:_____
      Carl H. Delacato, Jr.
      Atty. I.D. No. 32145
      Attorneys for Defendants
      Zurich American Insurance Co. t/a Zurich North America (improperly named) and Assurance Co. of America

Dated: December 22, 2003

129544-1